|2FOGG, Judge.
C.C., a child, was alleged to be delinquent and/or in need of supervision by petition based on the commission of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2.[1] After being advised of his Boy-kin rights, the child entered an answer admitting the allegation contained in the petition; the court accepted the child’s answer and adjudicated him to be a delinquent. At the disposition hearing, the juvenile court placed the child in custody of the Department of Public Safety and Corrections for three years with credit for time served. The court then suspended the commitment and placed the child on supervised probation for two years with the special condition that he successfully complete the treatment program at Caring, Inc., and cooperate with the aftercare plans. The disposition subsequently was amended to one year probation with the same special conditions.
On April 13,1994, the state filed a petition to modify judgment of disposition and, after a contradictory hearing, the disposition was modified and the child was placed under the joint supervision of the Department of Public Safety and Corrections/Office of Youth Development and the East Baton Rouge Parish Office of Juvenile Services for placement at the Baton Rouge Marine Institute for a time period not to exceed eight months. On October 25, 1994, pursuant to another petition to modify judgment of disposition, the court revoked the child’s suspended commitment and probation and committed the child to the custody of the Department of Public Safety and Corrections for three years with credit for time served. The court ordered that the child be placed in non-secure custody, cooperate with the Department of Public Safety and Corrections/Office of Youth ^Development, and comply with the rules of the placement facility. On April 21,1995, the state filed another petition to modify judgment of disposition. After a hearing on May *757 25, 1995, the child’s disposition was modified and the child was placed in secure custody for three years with credit for time served. The child has appealed the May 25 judgment modifying his disposition, urging the following assignments of error:
1. The trial court erred in improperly overruling defense counsel’s objection to the admission of character evidence.
2. The trial court erred in denying defense counsel’s motion to dismiss the state’s petition for modification.
3. The trial court erred in granting the state’s Petition for Modification in Petition number 66,905.
FACTS
Because the child admitted to the allegation, the facts of the offense were not fully developed. The transcript and petition reveal that on October 13, 1992, in East Baton Rouge Parish, the child went into the attic of a house, broke through a wall, and entered the attic of an adjoining house. The child then entered the house and stole a Walkman radio from inside the house.
ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends in assignment of error number one that the trial court erred in overruling his objection to testimony improperly characterizing his behavior. In his brief to this court, the child argues that, in the petition for modification of the judgment of disposition, the state referred to the child’s negative behavior at Christian Acres, a non-secure juvenile facility, and not to a specific act as required by LSA-Ch.C. art. 910. The child contends that the court partly based its decision to modify the judgment of disposition due to the allegation of the child’s negative behavior at Christian Acres. The child claims that because no specific incidents were listed he was unable to respond to, defend against, or present an effective cross-examination regarding the allegations.
l4Article 910(A) of the Louisiana Children’s Code states in pertinent part that a motion for modification shall be in writing and shall set forth in plain and concise terms the facts supporting the modification. When the motion to modify seeks imposition of more restrictive conditions, the court shall conduct a contradictory hearing, except upon waiver of the parties. LSA-Ch.C. art. 910(D).
The petition filed by the state on requesting a modification of the judgment of disposition from non-secure custody to secure custody states:
[C.C.] was placed in Reynolds Institute on 11-29-94. He ran away from that facility on 12-14-94. [C.C.] was apprehended on 12-16-94 and placed at EBR Detention. On 12-18-94, [C.C.] was placed in Christian Acres. Removal from that program was requested due to [C.C.] exhibiting continuous negative behavior. [C.C.] was placed in Detention on 03-08-95.
A hearing was held on the request for modification of the child’s disposition. At the hearing Benjamin Tupper, a juvenile services officer with the Office of Youth Development for the Department of Public Safety and Corrections, testified he was responsible for receiving non-secure referrals from the court and finding group home placements for the children. C.C. was one of Tupper’s non-secure referrals and he placed C.C. in a facility known as Reynolds Institute. Tup-per received information that C.C. had left Reynolds; he subsequently saw C.C. at a bus station. Tupper talked to C.C. and verified that he had run away from Reynolds Institute. Tupper testified that, because C.C. ran away, he was in violation of the rules of that facility which was a violation of the court’s order that he abide by the rules of the non-secure facility. The assistant district attorney asked if the request for modification was based on violation of those rules. Tupper responded that the request was made because C.C. ran away from Reynolds and was subsequently discharged from Christian Acres due to “other negative behavior.” Defense counsel then objected to Tupper’s use of the term negative Isbehavior as a reason for C.C.’s discharge. The court apparently denied the objection stating that Tupper had not used any language that was not in the petition.
*758 The court subsequently granted the motion to modify the judgment of disposition from non-secure custody to secure custody. The court stated that the child previously violated his conditions of probation which resulted in his being placed in non-secure custody. The court stated that the child then violated the rules of the non-secure facility in which he had been placed which was a violation of the court’s order to follow the facility rules. The court found there to be sufficient basis to modify the disposition.
Although the child complains about the use of the words “negative behavior” in the petition because it does not plainly set forth the facts supporting the modification as required by La. Ch.Code art. 910, the petition clearly states that the request for modification was based on incidents at Reynolds and Christian Acres. While the petition does not list the specific acts that occurred at Christian Acres, the child did not express any doubt as to the facts supporting the request for modification or object to the wording of the petition. Thus, the child cannot now complain about the petition. See LSA-C.Cr.P. art. 841(A).
Additionally, we are unable to find error in Tupper’s use of the words “negative behavior” as those were the same words used in the petition. Although the specific acts that made up the child’s negative behavior were not listed in the petition or given during the hearing, according to the court’s reasons, its decision was not based on the child's actions at Christian Acres as the court found the child’s flight from Reynolds sufficient to warrant modification of- the disposition. Thus, Tupper’s use of the term “negative behavior” did not taint the court’s ruling. Furthermore, although the defendant objected to Tupper’s use of words “negative behavior,” defense counsel failed to state the grounds for the objection as required by LSA-C.Cr.P. art. 841(A) |6and LSA-C.E. art. 103(A)(1). Moreover, although the defendant claims that he was unable to defend or respond to the claims, we disagree as defense counsel was given the opportunity to cross-examine Tupper and present any evidence on the child’s behalf. We are unable to find that the court erred in denying the objection. This assignment of error is without merit.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
In these assignments of error the child contends that the trial court erred in denying his motion to dismiss and in granting the state’s petition for modification without sufficient evidence. In his brief to this court, the child argues that the state failed to prove by clear and convincing evidence, as required by LSA-Ch.C. art. 913, that he failed to conform to the terms of the original disposition which would have entitled the state to a modification involving more restrictive conditions. He contends that there was no evidence presented that the defendant violated any rules at Reynolds and the state failed to elaborate on the “negative behavior” at Christian Acres. He claims that, although a juvenile is customarily given two chances before a disposition is modified, he was not given two chances as the only evidence produced was his flight from Reynolds. Thus, he contends that the state failed to show that the modification was appropriate.
According to LSA-Ch.C. art. 909 after the entry of any order of disposition, the court retains the power to modify the disposition. In order to modify a judgment of disposition, a motion for modification must be made in writing and shall set forth in plain and concise terms the facts supporting the modification. LSA-Ch.C. art. 910(A). When the motion to modify seeks the imposition of more restrictive conditions, the court shall conduct a contradictory hearing, except upon the waiver of the parties. LSA-Ch.C. art. 910(D).
|7A written motion to modify the judgment of disposition was filed by the state and subsequently a hearing was held by the court. During the hearing Tupper testified that the child violated the rules of the non-secure facility in which he had been placed. This was in violation of the court’s order to follow the rules of the facility.
Defense counsel subsequently asked to have the motion dismissed based on the state’s failure to “carry its burden of proof.” *759 The trial court denied the motion stating that C.C.’s disposition previously had been modified to place him in non-secure custody and to require him to cooperate with the rules of the Office of Youth Development and the placement facility. The court stated that the state introduced evidence that the child ran away from the facility which was in violation of the facility rules and a violation of the court order to follow the rules. Therefore; the court found that the state carried its burden and denied the motion to dismiss.
The defendant claims that LSA-Ch.C. art. 913 provides the authority for modification of the disposition and under this article the state must prove by clear and convincing evidence that the child has failed to conform to the terms of the original disposition, thus-entitling the state to a modification involving more restrictive conditions. Article 913 relates to revocation of probation and not to the instant situation. The instant request was not for probation revocation, as the child’s probation previously had been revoked, but for modification of the disposition changing the child’s commitment from non-secure custody to secure custody. Additionally, although defense counsel claims that according to testimony at the hearing a child is customarily given two chances prior to a request for modification of the judgment of disposition, we are unable to find any statutory authority for this custom. Moreover, after reviewing the record as a whole, it appears that the child was given more than one chance before his commitment was modified to 1 «secure custody. Finally, in his brief to this court the child admits that the state proved that he ran away from Reynolds Institute. We find that the codal requirements were complied with, the court did not err in denying the child’s motion to dismiss the petition, and there was sufficient basis to modify the disposition. Thus, the court properly modified the child’s judgment of disposition. These assignments of error are without merit.
For the foregoing reasons, the adjudication and modified disposition are affirmed.
ADJUDICATION AND MODIFIED DISPOSITION AFFIRMED.

. C.C. was also charged and adjudicated a delinquent based on charges in separate petitions. However, C.C.'s adjudications and dispositions with regard to these other charges are not the subject of the instant appeal.